# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMAN PARADA,<br><br>    Petitioner,<br><br>v.<br><br>STEVE LANGFORD, Warden,<br><br>    Respondent. | Case No. CV 18-326 JAK (MRW)<br><br>**ORDER DISMISSING ACTION** |

    The Court summarily dismisses Petitioner's habeas petition for lack of jurisdiction.

\* \* \*

**Petitioner's Underlying Criminal Conviction and Habeas Actions**

    1.    Petitioner is an inmate at the federal prison facility at Lompoc, California. He filed a habeas petition in this Court under 28 U.S.C. § 2241 seeking review of a federal drug trafficking conviction.

    2.    Petitioner was convicted of the drug charge at trial in 2006 in the District of Kansas. The Tenth Circuit Court of Appeals affirmed the conviction. United States v. Parada, 577 F.3d 1275 (10th Cir. 2009).

3. This federal habeas action may represent his seventh challenge to that conviction, and his third in this judicial district. The Court is aware that Petitioner pursued post-conviction relief in the Kansas federal court. That court denied a motion under 28 U.S.C. § 2255 in 2013. United States v. Parada, 2013 WL 5205726 (D. Kan. 2013). The Tenth Circuit Court of Appeals denied a certificate of appealability. United States v. Parada, 555 F. App'x 763 (10th Cir. 2014).

4. After that, the Tenth Circuit "denied three separate motions for authorization to file a second or successive § 2255 motion" after his initial motion. United States v. Parada, 2017 WL 2225228 (D. Kan. 2017) (dismissing another habeas petition as successive).

5. Petitioner also sought habeas relief in the Central District of California where he is housed. In 2012, Petitioner filed a habeas action to challenge the validity of a 2000 California state conviction that he claimed was used to enhance his 2006 Kansas federal sentence. The Court dismissed Petitioner's claim (which it understood to be an action under AEDPA) with prejudice as untimely. Parada v. People, No. CV 12-643 JAK (MRW) (C.D. Cal.). The Ninth Circuit Court of Appeals denied a certificate of appealability in that action. (CV 12-643, Docket # 10.)

6. In 2017, Petitioner filed another action directly attacking his Kansas conviction. He raised claims of actual innocence, attacked the credibility of a witness, and alleged the use of defective jury instructions. Parada v. Langford, No. CV 17-6033 JAK (MRW) (C.D. Cal.). The Court dismissed that action as "a disguised Section 2255 challenge" (see discussion below) to his Kansas conviction for which this federal court "does not have jurisdiction." (CV 17-6033, Docket # 6.) Petitioner did not seek appellate review of that dismissal.

**The Current Habeas Action**

7. Instead, in early 2018, Petitioner filed the current habeas action in the Central District under 28 U.S.C. § 2241. His claim appears to again challenge the use of his 2000 California conviction to enhance his Kansas federal sentence. (Petition at 3.)

8. The government moved to dismiss the action. (Docket # 5.) The government argues that Petitioner's action is a disguised Section 2255 motion that Petitioner improperly filed in this district rather than in the District of Kansas. Additionally, the government contends that the action is a successive petition for which Petitioner did not have authorization from an appellate court to file. (Docket # 5 at 7-10.)

9. Petitioner filed several opposition submissions. (Docket # 8, 11.) His submissions focused on the merits of his alleged claim (Petitioner contends that his federal sentence was defective because his state prison sentence was "suspended," and he did not discover this fact for several years). However, he offered little opposition to the government's procedural objections.

**Legal Analysis**[1]

If it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief," the Court may summarily dismiss a habeas petition. Local Rule 72-3.2; see also Rules 1 and 4 of Rules Governing Section 2254 Cases in United States District Courts (petition may be summarily dismissed if petitioner plainly not entitled to relief; rule applicable to any type of habeas action); Green v. Fox, No. CV 15-5420 DMG (GJS), 2015 WL 4932822 at *2 (C.D. Cal. 2015) (summary dismissal of disguised § 2255 petition).

10. Federal prisoners have two statutory paths by which they may seek a writ of habeas corpus. "As a general rule," federal inmates may collaterally attack

---

[1] Most of the Court's analysis is taken from its similar decision dismissing Petitioner's 2017 action.

3

their conviction only under 28 U.S.C. § 2255. Alaimalo v. United States, 645 F.3d 1042, 1046 (9th Cir. 2011). However, a federal prisoner may also seek a writ under 28 U.S.C. § 2241. That statute permits a prisoner to "challenge the manner, location, or conditions of a sentence's execution" by habeas review in the district in which the inmate is confined. Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000).

11. The statutes overlap in the "exceptional case" in which a petition "qualifies for the escape hatch of [Section] 2255, and can legitimately be brought as a [Section] 2241 petition." Harrison v. Ollison, 519 F.3d 952, 958 (9th Cir. 2008). The "escape hatch" provision under Section 2255(e) allows a federal prisoner to pursue relief under Section 2241 where it appears that a habeas petition in the sentencing court is "inadequate or ineffective to test the legality of his detention." Id. at 956. To apply the escape hatch, a district court must first answer the "threshold jurisdictional question" of "whether a petition is properly brought under § 2241 or is, instead, a disguised § 2255 motion, before it can proceed to the merits of the claim." Marrero v. Ives, 682 F.3d 1190, 1194 (9th Cir. 2012).

12. A prisoner may qualify for the escape hatch – and bring a Section 2241 petition in the district in which the prisoner is incarcerated – when the petitioner "(1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim." Alaimalo, 645 F.3d at 1047 (quotation omitted).

13. Petitioner's habeas claims cannot get him through the escape hatch. Petitioner clearly has had several "unobstructed procedural shots" at challenging his conviction – on direct appeal, in his previous Section 2255 motion, and in his numerous post-2255 filings – to raise these issues. He just failed to succeed with

4

them. Alaimalo, 645 F.3d at 1047. That does not entitle him to file the same legal challenges in another district.[2]

14. The Court summarily concludes from the face of the petition and Petitioner's other submissions that Petitioner's action is a disguised Section 2255 challenge to his conviction. This Court does not have jurisdiction to consider his claims. Harrison, 519 F.3d at 958. Therefore, the present action is DISMISSED without prejudice.

IT IS SO ORDERED.

Dated: June 1, 2018

_____
HON. JOHN A. KRONSTADT
UNITED STATES DISTRICT JUDGE

Presented by:

_____
HON. MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE

---

[2] Petitioner's cursory argument that his claim relies on an "intervening change of law" is patently meritless. (Docket # 1 at 3.) Petitioner's current claim does not present a Descamps-style challenge to the nature of his predicate drug conviction. Rather, Petitioner claims that he was never properly convicted of the earlier offense. The facts and law underlying that claim were, by his own admission, settled by the time of Petitioner's Kansas sentencing. (Docket # 1 at 4-5.)

Moreover, the Court notes that Petitioner attempted to present this issue in the Kansas district court in 2017. That court concluded that Petitioner did not have proper authorization from the appellate court to pursue a successive § 2255 action. (United States v. Parada, No. CV 03-20053 JAR (D. Kan.) (Docket # 432, 433) (accessed via CM/ECF).) Petitioner cannot claim that he was denied an "unobstructed procedural shot" when he failed to properly comply with the statutory requirement of seeking permission from the Tenth Circuit to pursue his most recent claim.